UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DEADRIA MONK**                                                        **CIVIL ACTION**

**VERSUS**                                                              **NO. 06-4230**

**WERHANE ENTERPRISES, LTD.,** *et al.*                                 **SECTION:  I/4**

### ORDER AND REASONS

Before the Court is a motion to remand filed by plaintiff, Deadria Monk.  For the following reasons, plaintiff's motion to remand is **GRANTED**.

### *BACKGROUND*

On or about July 24, 2003, plaintiff Deadria Monk and defendant Hobert Ellyson were involved in an automobile accident.[1]  Attempting to change lanes, Ellyson allegedly crossed into the lane occupied by Monk, striking her vehicle.[2]  At that time, defendant Werhan Enterprises ("Werhan") employed Ellyson, and defendant CNA Insurance Company insured Werhan.[3]

---

[1] Rec. Doc. No. 1-2, p. 2.

[2] Rec. Doc. No. 1-2, p. 2.

[3] Rec. Doc. No. 1-2, p. 3.

-1-

Plaintiff filed suit against defendants in state court on July 16, 2004.[4] In the petition, plaintiff specifically stated that her damages would be less than $75,000.[5] Plaintiff alleges she limited her damages because "at the time of filing of the suit, it appeared plaintiff was nearing recovery" from the injuries that she sustained in the accident.[6]

In March, 2004, before the state court petition was filed, Dr. Allen Johnston indicated in a report that plaintiff "may be a surgical candidate for a left shoulder arthroscopy."[7] More than a year later, in plaintiff's April 22, 2005, deposition, plaintiff indicated this surgery was still a "possibility" but that she told her doctor, "if I could avoid it, I would try to avoid it, but [the shoulder injury is] still giving me problems."[8] In that deposition, plaintiff's counsel stated that plaintiff was "most likely going to be a candidate for left shoulder arthroscopy due to the continued complaints of her shoulder and failure of the cortisone injections offering relief."[9]

Still, plaintiff did not amend her petition for damages until July 27, 2006--over a year after her deposition and more than two years after initially filing her state court petition.[10] On August 10, 2006, defendants removed this case to federal court.[11] In their notice of removal, defendants allege that they were first given notice of a damage increase during a July 20, 2006,

---

[4]Rec. Doc. No. 1-2, p. 1.

[5]Rec. Doc. No. 1-2, p. 3.

[6]Rec. Doc. No. 5-2, p. 2.

[7]Rec. Doc. No. 5-3, p. 7; *see also* Rec. Doc. No. 5-2, p. 3.

[8]Rec. Doc. No. 5-3, p. 10.

[9]Rec. Doc. No. 5-3, p. 10.

[10]Rec. Doc. No. 1-1, p. 5.

[11]Rec. Doc. No. 1-1.

mediation.[12] Meanwhile, on July 24, 2006, the state court set a January 22, 2007, trial date.[13]

Plaintiff filed this motion to remand on September 11, 2006, arguing that defendant's removal is untimely pursuant to 28 U.S.C. § 1446(b).[14] She argues that the limits imposed by that statute should not be equitably tolled. First, she highlights the steps each party has taken in state court: "defendants participated in state court discovery which included drafting discovery to plaintiff, answering plaintiff's discovery, taking the plaintiff's deposition, and even participating in a recent private mediation."[15] Second, she alleges that this discovery made it "long ago apparent Ms. Monk's damages would exceed the amount of $75,000."[16]

In their opposition, defendants argue that equitable tolling does in fact apply. Defendants argue that plaintiff's "obvious 'forum manipulation'" estops her from barring removal: "when plaintiff filed her suit in Civil District Court on July 16, 2004 (asserting her damages were less than $75,000), her lawyer was already in possession" of Dr. Johnston's March, 2004, report--the same report she now cites to support the increased damage award she seeks.[17]

## LAW AND ANALYSIS

Federal courts have original jurisdiction over cases between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. The time for filing a notice of removal is governed by 28 U.S.C. § 1446(b), which provides:

---

[12] Rec. Doc. No. 1-1, p. 3.

[13] Rec. Doc. No. 5-3, p. 1.

[14] Rec. Doc. No. 5-1, p. 3.

[15] Rec. Doc. No. 5-1, p. 3.

[16] Rec. Doc. No. 5-1, p. 3.

[17] Rec. Doc. No. 6-3, pp. 2-3.

>The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
>If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

"In essence, when read as a whole, § 1446(b) provides a two-step test for determining whether a defendant timely removed a case." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). The first paragraph of § 1446(b) applies to cases that are removable as initially filed; the second paragraph applies to cases which, although not initially removable, become removable at a later time. *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000); *Chapman*, 969 F.2d at 161.

If the case stated by the initial pleading is removable, then a notice of removal must be filed within thirty days from the defendant's receipt of the initial pleading. *Chapman*, 969 F.2d at 161. If the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an "amended pleading, motion, order or other paper" from which the defendant may ascertain that the case is removable. § 1446(b); *Id.* In addition to the 30-day time limitation, though, cases that are not initially removable may not be removed more than one-year after the commencement of the action. *Heublein*, 227 F.3d at 241 ("The one-year limitation on removals applies only to the second paragraph of [§ 1446(b)], *i.e.* only to cases that are not initially removable) (citing *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886

(5th Cir. 1993)); *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 389 (5th Cir. 2000) ("We have clearly held that the 'except' clause applies only to cases governed by the second paragraph of section 1446(b).") (citation omitted); *see also Cosse v. Apcoa Standard Parking Inc.*, No. 00-3393, 2002 U.S. Dist. LEXIS 11211, at *2 (E.D. La. Jun. 18, 2002) (Barbier, J.). Defendant's removal was filed more than two years after plaintiff filed her complaint, and it is clearly untimely unless an exception to the one-year limit applies. As shown below, however, defendant will not enjoy the protection of equitable tolling and plaintiff's claim must be remanded.

The Fifth Circuit tolls the one-year limit to prevent clear efforts to "manipulate statutory rules" and wrongfully preclude "the defendant from exercising its [removal] right." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428-29 (5th 2003). The time limit "'is not jurisdictional; it is merely modal and formal and may be waived.'" *Id.* at 426 (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1993)). Courts consider the "conduct of the parties" to determine whether "it is equitable to strictly apply the one-year limit." *Id.* at 426. In *In re: Vioxx Product Liability Litigation*, Judge Fallon observed that courts only apply the toll when "plaintiffs engaged in clear instances of forum manipulation and all the defendants rapidly removed the cases." No. 1657, 2005 U.S. Dist. LEXIS 36919, at *11 (E.D. La. Nov. 22, 2005).

In *Tedford*, the Fifth Circuit recognized an equitable exception to the one-year time limit for filing a notice of removal. *Id.* at 427. In that case, Tedford and another plaintiff filed a complaint against two defendants, Warner-Lambert and a non-diverse physician, despite the fact than neither plaintiff could state a cognizable claim under Texas law against the non-diverse physician. *Id.* at 427. Tedford could not maintain a cause of action against the non-diverse physician because that physician had not treated Tedford, although the complaint had been

drafted to suggest otherwise. *Id.* at 424-25. In addition, Tedford filed her claim in an improper venue. *Id.* at 425. Upon Warner-Lambert's motion, the state court severed Tedford's claim and transferred her lawsuit to another venue. *Id.* Prior to entry of the state court order, and three hours after Warner-Lambert notified Tedford that it intended to remove the lawsuit to federal district court, Tedford amended her complaint to add her own treating physician, who was also non-diverse. *Id.* Warner-Lambert removed the suit claiming that both physicians were fraudulently joined. *Id.* The federal district court rejected the argument and remanded the action. *See id.* Without taking any discovery from her treating physician, Tedford signed and post-dated a notice of non-suit dismissing her treating physician from the litigation before the one-year anniversary of the commencement of her action. *Id.* Tedford did not notify Warner-Lambert of the non-suit until after the expiration of the one-year anniversary. *Id.* Soon after learning of plaintiff's non-suit, and ten days after the expiration of the one-year time limit for removal, Warner-Lambert removed the action to federal court. *Id.*

The Fifth Circuit ruled that because the time limits for removal are not jurisdictional, "section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Id.* at 426. Considering the plaintiff's forum manipulation, the Fifth Circuit held that an equitable exception to the one-year time limit in the form of estoppel could be applied in that case to extend the one-year time limit. *Id.* at 427. The Court concluded that "where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its right, equity may require that the one-year limit in § 1446(b) be extended." *Id.* at 428-29.

The Fifth Circuit recognizes the doctrine of judicial estoppel, which "prevents a party

from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996). "The doctrine prevents internal inconsistency, precludes litigants from 'playing fast and loose' with the courts, and prohibits parties from deliberately changing positions based upon the exigencies of the moment." *Id.* (quoting *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993), *cert. denied*, 511 U.S. 1042, 114 S. Ct. 1565, 128 L. Ed. 2d 211 (1994)). In *Tedford*, the plaintiff's conduct suggested that the claims against the non-diverse physicians were present in the lawsuit for the sole purpose of preventing removal until the expiration of the one-year time limit. Accordingly, Tedford was estopped from taking an inconsistent position on remand by asserting that the presence of a non-diverse defendant in the lawsuit for over one year precluded removal.

To determine whether tolling applies, courts first scrutinize a case for similar "clear instances of forum manipulation." *In re: Vioxx*, 2005 U.S. Dist. LEXIS 36919, at *11; *see also Tedford*, 327 F.3d at 426. Here, there is some evidence that plaintiff may have attempted to shield her claims from federal jurisdiction. Plaintiff discussed surgery with her doctor before filing the complaint,[18] but she still proceeded to limit her damages in the complaint.[19] When viewed in the totality of the circumstances, however, this activity does not constitute a "pattern" of forum manipulation such as that in *Tedford*. *See Tedford*, 327 F.3d at 425.

Similarly, the court in *Foster v. Landon* did not find that the "aroma of manipulation [was] sufficient to trigger the rarely used exception of equitable tolling." No. 04-2645, 2004

---

[18]Rec. Doc. No. 5-3, p. 7; *see also* Rec. Doc. No. 5-2, p. 3.

[19]*See* Rec. Doc. No. 6-1, p. 1. Notably, a plaintiff need not plead a damage amount in state court. *Foster v. Landon*, No. 04-2645, 2004 U.S. Dist. LEXIS 22440, at *7 (E.D. La. Nov. 3, 2004) (Fallon, J.).

U.S. Dist. LEXIS 22440, at *7 (E.D. La. Nov. 3, 2004) (Fallon, J.).  In that case, the plaintiff limited his damages to less than $75,000; however, just over a year later, plaintiff's attorney sent a settlement demand letter for $400,000.  The court was troubled that "the plaintiff would expressly state that the case was not worth $75,000 in the initial pleading, when stating an amount in controversy is not necessary to satisfy the pleading requirements of state court . . . particularly when he had a prior medical record that indicated a disc injury." *Id.* at 8.  The court held, however, that it must "balance the exception articulated in *Tedford* with the general rule that removal jurisdiction is to be strictly construed, as its application 'deprives a state court of a case properly before it and thereby implicates important federalism concerns.'" *Id.* (citing *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997)).

     Like *Foster*, the suspicion of forum manipulation here will not give rise to equitable tolling.  Plaintiff's actions "hardly rise[ ] to the transparent attempt to circumvent federal jurisdiction presented in *Tedford*." *Foster*, 2004 U.S. Dist. LEXIS 22440, at *8.  Plaintiff did not wait until just over a year to amend.[20]  Instead, the alleged inadequate results of her treatment, as opposed to any manipulative intent, precipitated this change in her damages request;  plaintiff's counsel specifically indicated at her deposition that, if the treatment remained ineffective, surgery was an option.[21]  Plaintiff's conduct does not rise to a level sufficient to impose equitable tolling, as contemplated by the *Tedford* court.

     Courts also consider a defendant's vigilance in determining whether to breach the one-year removal limitation.  *See Tedford*, 327 F.3d at 428; *Clark v. Nestle USA, Inc.*, No. 04-1537,

---

[20]Rec. Doc. No. 1-1, p. 1.

[21]Rec. Doc. No. 5-3, p. 10.

2004 U.S. Dist. LEXIS 14224, at *4 (E.D. La. July 22, 2004) (Vance, J.).  In *Tedford,* the court noted "the defendants have vigilantly sought [removal and] . . . each time it became apparent that the right to remove existed . . . sought to exercise that right."  *Id.* at 428.  The *Tedford* defendant tried to remove the case repeatedly; here, defendants never attempted to remove the case, despite the possibility that plaintiff might seek to increase her potential recovery.  In her deposition, plaintiff clearly indicated that surgery was an option if treatment remained ineffective.[22]

Finally, the Court must consider the quantum of litigation already accomplished in state court.  *See N.Y. Life*, 142 F.3d at 886-87.  Equitable tolling may not be appropriate where the "action has already made substantial progress in state court."  *In re: Vioxx*, 2005 U.S. Dist. LEXIS 36919, at *15-16.  In *Brown v. Demco*, because parties had "filed answers, amended answers, motions of various kinds, third party demands, cross claims, amended cross claims, and participated in discovery and depositions," a later joined defendant could not remove.  792 F.2d 478, 481 (5th Cir. 1986).   Here, in two years, the parties have conducted substantial discovery, engaged in mediation, and set an approaching trial date.  "Removal late in the proceedings may result in substantial delay and disruption."  *N.Y Life*, 142 F.3d at 886.

The removing party bears the burden to show that federal jurisdiction exists.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  The equitable exception does not alter this burden.  *In re: Vioxx*, 2005 U.S. Dist. LEXIS 36919, at *12.  The Court finds that defendants have not shown facts sufficient to equitably toll the relevant one-year limitation on removal.

Accordingly,

---

[22]Rec. Doc. No. 5-3, p. 10.

**IT IS ORDERED** that the motion to remand[23] filed by plaintiff, Deadria Monk, is **GRANTED**, and this case is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, November ___27th___, 2006.

*[signature]*
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[23]Rec. Doc. No. 5.